FILED
AUG 15 2008
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
DISTRICT OF COMUMBIA

Raul Martinez, #19240-179 §
Plaintiff, Beaumont FCC §
    P.O. Box 26020 §
V   Beaumont, TX 77220-6020 § Civil Case No.
§
M. Martin, Warden Beaumont FCI- Low; § Case: 1:08-cv-01418
Powell, Former UTMB Med. Director; § Assigned To : Leon, Richard J.
Pasao, H.S.S. UTMB BOP; § Assign. Date : 8/15/2008
Dr. Dominguez, UTMB Beaumont FCC- § Description: Pro Se General Civil
Complex; Dr. Womble, UTMB Beaumont §
FCC- Complex; Dr. Walton, UTMB §
Beaumont FCC-Complex; Ms. Davis §
Unit Manager-Beaumont-Low; Mr. White §
Counselor-Beaumont-Low; §
G. Maldonado, Jr. Regional Director § BIVENS ACTION WITH A
Defendants § JURY TRIAL DEMAND

JURY ACTION

CIVIL RIGHTS COMPLAINT

1. This is a Bivens Action filed by plaintiff Martinez alleging violation of his constitutional rights and seeking money damages, declaratory judgment and injunctive relief. The Plaintiff requests a trial by jury.

JURISDICTION

2. Jurisdiction of this court is invoked pursuant to <u>Bivens v six unknown named agents of Fed. Bureau of Narcotics</u>, 403 US 388(1971); 28 USC§1331 (a); 28 USC§2201 and §2202.

PARTIES

3. Plaintiff Raul Martinez is presently incarcerated at Beaumont FCI-Low in Beaumont, Texas.

4. Defendant M. Martin is presently the warden at Beaumont FCI-Low and is responsible for implementation of Bureau of Prisons (BOP) policies and ensure the safety and care of all inmates in his custody. He is sued in his official and individual capacities.

5. Defendant Powell at all times relevant to this complaint was Medical Administrator at Beaumont FCI-Low Medical Department known as UTMB, and is responsible for ensuring the provision of medical care and specifically for scheduling medical appointment outside the prison.

1

RECEIVED
AUG - 6 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

6. Defendant Pasao is the current medical supervisor at BOP H.H.S. Beaumont Low and is responsible for ensuring proper medical care for inmates and specifically for scheduling medical appointments outside the prison. He is sued in his individual capacity.

7. Defendants Dr. Dominguez, Dr. Womble and Dr. Walton are doctors during all relevant times for UTMB - Beaumont FCI-Low responsible for diagnosing and ensuring proper, timely medical cure for inmates at Beaumont FCI-Low. They are sued in their individual capacities.

8. Defendant Davis was a Unit Manager at Beaumont FCI-Low during all relevant times and is sued in her individual capacities.

9. Defendant White is a counselor at Beaumont FCI-Low and was responsible for reviewing and investigating all administrative appeals of plaintiff. He is sued on his individual capacity.

10. Defendant G. Maldonado, Jr. is a South Central Regional Director in Dallas Texas. He is sued in his individual capacity.

## FACTS

11. In September, 2003 Plaintiff arrived at Beaumont FCI-Low (BML). On September 8, 2003 UTMB started a medical file on Plaintiff.

12. In March, 2004 Plaintiff went to Galveston - UTMB to be examined for a hernia.

13. On April 23, 2004 Plaintiff wrote a cop-out to UTMB medical requesting information on Galveston - UTMB's doctor examination results.

14. On April 22, 2004 UTMB responds to cop-out stating Galveston UTMB recommended surgery within a month.

15. On June 21, 2004 Plaintiff wrote a cop-out and gave it to Ms. Wells at UTMB requesting a doctor appointment on his prostate condition. Ms. Wells set June 29, 2004 as appointment date.

16. On August 3, 2004 Plaintiff went to medical about intense pain, prostate and hernia request and is given increased cardura dosage.

17. On February 2, 2004 Plaintiff is taken to Galveston UTMB for examination.

18. On February 12, 2004 Plaintiff, in intense pain, goes to medical department.

19. On February 27, 2005 Plaintiff, in intense pain goes to medical department and, also, asks about schedule for surgeries and is told they have been scheduled.

20. On March 1, 2005 Plaintiff, in pain goes to medical department.

21. On March 7, 2005 Plaintiff visibly upset because pain meds not working and in intense pain, goes to med. dept. and nothing is done.

22. On March 10, 2005 Plaintiff goes to med. dept. to get relief from pain, asks when surgery and relief is coming, told is scheduled.

23. On March 21, 2005 Plaintiff in intense pain goes to med. dept. to get different medicine and is refused. Still in pain.

24. On April 11, 2005 pain increasing, Plaintiff goes to med. dept. for relief.

25. On April 12, 2005 Plaintiff in pain seeks med. dept. help to relieve pain, given same meds. pain still there.

26. On April 18, 2005 Plaintiff has infection in bladder, prostate is severely hurting goes to med. dept. and is given appointment only.

27. On July 6, 2005 Plaintiff goes to Galveston for surgery. Doctors find prostate is enlarged larger than thought. Told surgery will help.

28. On August 6, 2005 Plaintiff is taken on federal writ.

29. On March 2, 2006 Plaintiff arrives back at (BML) and is given prostate examination.

30. On March 8, 2006 Plaintiff goes to med. dept. about pre-writ examination on prostate and is told will be taken care of.

31. On March 16, 2006 Plaintiff, in intense pain, went to med. dept. and told them meds were not working and need more cardura as previously prescribed.

32. On March 22, 2006 Plaintiff in pain goes to med. dept. and is referred to telemed.

33. On May 18, 2006 Plaintiff sent to med. dept. in severe pain from prostate/hernia problems so close together causing increased pain. Plaintiff informed Deft. Doctors of the fact

cardura was not working.

34. On June 5, 2006 Plaintiff, in pain, goes to med. dept., is given urine dip test. Deft. Doctors says he will see about meds shortly.

35. On June 9, 2006 Plaintiff, in extreme pain, goes to med. dept. and is given antibiotics, cardura (8 mg) by telemed.

36. On June 13, 2006 Plaintiff, in intense pain, goes to med. dept. asking about surgery and pain relief. None is given.

37. On August 18, 2006 Plaintiff has telemed visit and discussed need of surgery and different meds. Defendant Dominguez falsified record indicating plaintiff does not want surgery.

38. On August 28, 2006 Plaintiff, in intense pain, goes to med. dept. and is given seven medications.

39. On September 20, 2006 Plaintiff, in intense pain, goes to med. dept. Deft. Walton is informed of pain and prostate conditions and does nothing to alleviate pain.

40. On September 26, 2006 Plaintiff, in intense pain, goes to med. dept. wanting relief Deft. Walton substitutes Doxazosin mesylate for Finasteride.

41. On January 4, 2007 Plaintiff, in sever pain, goes to med. dept. requesting surgery and proscar for prostate.

42. On January 19, 2007 Plaintiff in severe pain and can't urinate because prostate enlarged. No meds are given. Plaintiff still in pain.

43. On February 9, 2007 Plaintiff, in intolerable pain, goes to med. dept. requesting pain medication that will relieve pain. Defts. falsify records that plaintiff no in pain.

44. On February 14, 2007 Plaintiff goes to med. dept. seeking answers why his prostate/hernia problems were not being taken care of leaving plaintiff to suffer in pain. Deft. Walton relays message that plaintiff is scheduled or surgery.

45. On February 23, 2007 Plaintiff is taken to Galveston - UTMB and is prescribed proscar for prostate.

46. On February 24, 2007 BML-UTMB Med states they ordered proscar for plaintiff and

that a telemed is scheduled.

47. On March 19, 2007 Plaintiff in pain goes to med. dept. about his hernia which is aggravating his prostate condition. Nothing is done to help pain.

48. On April 2, 2007 Deft. Dr. Walton refused to renew medication, but stated telemed is scheduled.

49. On April 9, 2007 Plaintiff in extreme pain, goes to med. dept. for renewal of meds because cardura not working.

50. On May 10, 2007 Plaintiff, in intense pain, goes to med. dept. Med Staff at Galveston UTMB also note surgery issues and complaints in record.

51. On May 11, 2007 Plaintiff is given telemed, surgery is discussed and cleared.

52. On June 5, 2007 Plaintiff, in intense pain, goes to med. dept. and asks for surgery to be done.

53. On June 5, 2007 Plaintiff, in pain, goes to med. dept., told surgery is imminent.

54. On July 11, 2007 Plaintiff, in pain, goes to med. dept., stomach conditions is inflaming prostate condition intensifying pain.

55. On July 12, 2007 Plaintiff, in pain in abdominal area, has hernia protuding. Told to go to sick call.

56. On July 13, 2007 Plaintiff, in pain still, has telemed, and is told surgery is scheduled.

57. On July 16, 2007 Dr. Womble cleared plaintiff for surgery.

58. On July, 31, 2007 Plaintiff, in pain, goes to med. dept. asking about surgery and when scheduled. Plaintiff is told soon.

59. On September 20, 2007 Plaintiff goes to med. dept. to get pain medicine and increase in cardura meds.

60. On October 1, 2007 Plaintiff, in intense pain and no surgery in sight, writes cop-out asking if Washington has approved surgery, and informed about pain.

61. On October 4, 2007 RN Gilchrest responds to cop-out stating Washington does not need to approve schedule surgeries, but did not mention anything else.

62. On October 15, 2007 Plaintiff went to med. dept. seeking answers about surgery and informed he was in intense pain and had phlegm in throat. Only give amoxicillin.

63. On November 26, 2007 Plaintiff in intense pain and cant urinate went to med. dept. Deft. relayed message that surgery was scheduled.

64. On December 4, 2007 Plaintiff in pain, chest hurting given cardio and Galveston appt. canceled.

65. On December 7, 2007 Plaintiff in pain in bladder, having foul smelling urine goes to med. dept. and found had bladder infection and given antibiotics.

66. On December 17, 2007 Plaintiff, in extreme pain, and still cant urinate went to med. dept. and told them antibiotics haven't worked and need surgery on prostate and hernia.

67. On December 27, 2007 Plaintiff in pain goes to med. dept. and is told to wait and see provider.

68. On January 4, 2008 Plaintiff, in extreme pain, and cant urinate goes to med. dept. and a catheter is placed on him.

69. On January 11, 2008 Plaintiff in pain goes to med. dept. who checks catheter and plaintiff asks about surgery. Records indicate contrary consultation.

70. On January 22, 2008 catheter bay breaks and plaintiff goes to med. dept. informing them he is in extreme pain. Records by UTMB Defts. contrary and falsified.

71. On February 4, 2008 Plaintiff, in pain caused by enlarging hernia and prostate gland, goes to med. dept. and is given an appt.

72. On February 8, 2008 Plaintiff in intense pain and UTMB/BOP defts. doing nothing but lying to plaintiff leaving him in pain write his congress man, Solomon Ortiz, who on February 22, 2008 informs plaintiff he is investigating claims.

73. On February 12, 2008 Plaintiff's hernia pain increasing which aggravated catheter, left plaintiff unable to walk. Med. dept. schedule appt for urology in next month.

74. On February 28, 2008 Plaintiff goes to med. dept. informing Deft. Davis and Deft. Doctors that catheter increasing pain in groin and pressures on prostate. Nothing is done by Defts.

75. On March 4, 2008 Deft. Martin failed to approve plaintiff for trip to Galveston UTMB resulting in Galveston appt. canceled.

76. On March 4, 2008 Regional Director G. Maldonado, Jr responds to congressional inquiry with false information to cover up inadequate medical treatment concerning surgeries.

77. On March 10, 2008 Plaintiff's catheter causes infection and extremely intense pain. Goes to med. dept. and is given antibiotics but does not relieve pain.

78. On March 21, 2008 Plaintiff, in intense pain, infection from catheter still hurting goes to med. dept. for pain relief. Deft's. Pasao, Walton falsify or cause to be falsified medical records.

79. On April 3, 2008 Plaintiff falls out on the floor in his unit. Med. dept. sends their mini-ambulance cart to pick him up. Plaintiff in intense pain is informed prostate surgery in coming.

80. On April 11, 2008 Plaintiff again falls out in his unit and is picked up by med. staff. Plaintiff informs them of intense pain and is to go to sick call. Records falsely indicate no pain by defts. Pasao / Walton.

81. On May 2, 2008 Plaintiff in intense pain goes to med. dept. told to go to sick call.

82. On May 9, 2008 Plaintiff in intense pain goes to med. dept. and is informed to stop all medications.

83. On May 16, 2008 Plaintiff is taken to Galveston for minor surgery on his prostate.

84. On May 29, 2008 Plaintiff in intense pain and bleeding goes to med. dept., is told to take meds and return if pain is still there.

85. On June 4, 2008 Plaintiff goes to Galveston and staff removes catheter.

86. On June 6, 2008 med. dept. is called to the unit, plaintiff in bed in intense pain cant stand up. Med. dept. takes him to med. dept. and gives ibuprofen.

87. On June 8, 2008 Plaintiff in intense pain, goes back to med. dept., is told to keep taking meds and apply cold compress to pain area.

88. On June 12, 2008 Plaintiff send, cop-out to med. dept. requesting status of urology follow-up and is told appt. is scheduled at end of month.

7

89. On June 17, 2008 Plaintiff in intense pain and hurting when he urinates informed med. dept. Defts. of his pain increasing all the time. Nothing was done to alleviate the pain.

90. On June 23, 2008 Plaintiff informed Defts. Womble, Walton, inter alia that his pain was not being relieved.

91. On June 24, 2008 Plaintiff, in pain, went to med. dept. explained that he had been on four different antibiotics and continues to urinate hourly and with intense pain. Nothing is done.

92. On June 27, 2008 Plaintiff is seen by UTMB telemed and problems discussed.

93. On July 2, 2008 telemed Doctors ordered ibuprofen and stop cardura.

94. On July 8, 2008 Plaintiff in intense pain, went to med. dept. to get pain medicine to stop constant pain. Once again given only ibuprofen.

95. On July 10, 2008 Plaintiff in intense pain from hernia causing intense pain on prostate, plaintiff goes to med. dept. for pain relief. Med records are falsified by Defts. to reflect no pain.

96. Plaintiff exhausted all his administrative remedies under remedy # 423321-F1.

97. Defendants White and Davis did not investigate my claims and medical issues when I gave them my BP-8 grievances.

## 1st CAUSE OF ACTION

98. Defendant M. Martin has failed to provide or enforce lawful and proper guidelines and procedures to assist subordinates to engage in prompt medical attention, in violation of plaintiffs eighth amendment rights.

## 2nd CAUSE OF ACTION

99. Defendant M. Martin acted with a deliberate indifference to plaintiff's medical needs by allowing subordinates to delay medical treatment or caused to delay medical treatment, in violation of plaintiffs 8th amendment rights.

## 3rd CAUSE OF ACTION

100. Defendant's Powell, Pasao, Dr. Dominguez, Dr. Womble, Dr. Walton and M. Martin acted with a deliberate indifference to plaintiffs medical needs by causing plaintiff to needlessly

suffer intense increasing pain from 2003 through 2008 in violation of his 8th amendment rights.

101. Defendant's Powell and Pasao have failed to enforce lawful responses to Deft. Martins policies concerning alleviating unnecessary pain and suffering and have acted with a deliberate indifference to plaintiff's medical needs in violation of his 8th amendment rights.

### 5th CAUSE OF ACTION

102. Defendant's Womble, Walton and Dominguez acted deliberately indifferent to plaintiff's medical needs, in violation of his 8th amendment rights by needlessly allowing plaintiff to suffer intense pain for 4 years due to their delay in providing adequate timely medical treatment to alleviate his pain and suffering.

### 6th CAUSE OF ACTION

103. Defendants' White and Davis are responsible for investigating and correcting constitutional violations when a prisoner files a grievance notifying them of the violation. Defendants' White and Davis after being notified via grievances and cop-outs numerous times failed to insure that the BOP-UTMB was providing adequate, timely medical care and alleviating plaintiff's pain and suffering. Defendant's White and Davis' acts of omission resulted in continued pain and suffering for plaintiff and constitutes a deliberate indifference to plaintiff's medical needs in violation of 8th amendment.

### 7th CAUSE OF ACTION

104. Defendant Maldonado intentionally and willfully filed a false report to congressman Ortiz to cover-up the grossly inadequate medical care plaintiff was receiving from Defendants of UTMB. Defendant Maldonado's actions and acts of omission violated plaintiffs right to due process of the 5th amendment and cruel and unusual clause of the 8th amendment.

### 8th CAUSE OF ACTION

105. All of the acts complained of herein were committed by defendants, their agents, individually and in concert with a knowing and reckless disregard of plaintiff's constitutional rights and without a reasonable belief that such acts were legal. All of the defendants were personally involved in or directly and immediately supervised the conduct herein alleged.

RELIEF

WHEREFORE Plaintiff demands:

a. declaratory judgment and injunction ordering defendants to immediately order corrective surgery to relieve the pain and suffering.

b. declaratory and injunction ordering the defendants to correct falsified medical records and evidence.

c. judgment that the United States is liable to the plaintiff for compensatory damages of $3,000,000 and punitive damages of $3,000,000.

d. a judgment that the defendants are jointly and severally liable to plaintiff in their individual capacities for compensatory damages of $5,000,000 and punitive damages of $5,000,000.

e. reasonable attorney fee.

d. a trial by jury on all issues triable.

g. such other and further relief as this court deems just and proper.

Respectfully submitted,

July 31, 2008

*Raul Martinez* (signature)

Raul Martinez
Reg. No. 19240-179
P.O. Box 26020
Beaumont, TX 77720-6020

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**
Raul Martinez

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro Se

**DEFENDANTS**
Warden M. Martin, et al

COUNTY OF RESIDENCE OF FIRST LISTED DEFANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
#19240-179

Case: 1:08-cv-01418
Assigned To : Leon, Richard J.
Assign. Date : 8/15/2008
Description: Pro Se General Civil

*JURY ACTION*

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**
- ☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes:
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**☐ E. General Civil (Other)  OR  ☒ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Immigration**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus- Alien Detainee
- ☐ 465 Other Immigration Actions

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☒ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)

- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.

- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

— 0 —

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 8/15/08   SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd